UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Anselmo Alcantara Galisia,

      Plaintiff,      Case No.:
                1:22-cv-06520-LDH-VMS
 -against-

Da Pai Dong, Inc. and
Hong Kong Food Court of Elmhurst, Corp.
and Jianqi Chen,

      Defendants.
-------------------------------------------------------------X

## ANSWER TO PLAINTIFF'S COMPLAINT
## WITH AFFIRMATIVE DEFENSES

Defendants Da Pai Dong, Inc. and Jianqi Chen ("Defendants"), by and through their attorneys, KEVIN KERVENG TUNG, P.C., by way of Answer to Plaintiff Anselmo Alcantara Galisia's Complaint (the "Complaint"), respectfully allege as follows:

### IN ANSWER TO THE INTRODUCTION

1. Defendants deny each and every allegation contained in Paragraph 1 of the Complaint and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

### IN ANSWER TO THE PARTIES

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that Da Pai Dong conducts business in Queens, NY.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

## IN ANSWER TO THE JURISDICTION AND VENUE

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

## IN ANSWER TO THE FACTS COMMON TO ALL CLAIMS

9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

## IN ANSWER TO COUNT I:
### (As to Defendant Da Pai Dong)
### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum and Overtime Wages In Violation of the FLSA)

11. Defendants deny each and every allegation contained in Paragraph 11 of the Complaint except as otherwise pleaded herein.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation contained in Paragraph 13 of the Complaint, and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendants deny each and every allegation contained in Paragraph 21 of the Complaint, and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

**IN ANSWER TO SECOND CLAIM FOR RELIEF:**
**(Failure to Pay Minimum and Overtime Wages In Violation of the NYLL)**

22. Defendants deny each and every allegation contained in Paragraph 22 of the Complaint except as otherwise pleaded herein.

23. Defendants deny each and every allegation contained in Paragraph 23 of the Complaint, and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint, and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint, and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

26. Defendants deny each and every allegation contained in Paragraph 26 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

**IN ANSWER TO THIRD CLAIM FOR RELIEF:**
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**

27. Defendants deny each and every allegation contained in Paragraph 27 of the Complaint except as otherwise pleaded herein.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation contained in Paragraph 31 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

**IN ANSWER TO FOURTH CLAIM FOR RELIEF:**
**(Failure to Furnish Accurate Wage Statements/Paystubs)**

32. Defendants deny each and every allegation contained in Paragraph 32 of the Complaint except as otherwise pleaded herein.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and respectfully refer the Court to the alleged statute for a complete and accurate interpretation.

34. Defendants deny each and every allegation contained in Paragraph 34 of the Complaint.

35. Defendants deny each and every allegation contained in Paragraph 35 of the Complaint and respectfully refer the Court to the alleged statutes for a complete and accurate interpretation.

**IN ANSWER TO COUNT II:**
**(As to Defendant Hong Kong Food)**
**FIFTH CLAIM FOR RELIEF**
**(Failure to Pay Minimum and Overtime Wages In Violation of the FLSA)**

36. Defendants deny each and every allegation contained in Paragraph 36 of the Complaint except as otherwise pleaded herein.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

**IN ANSWER TO SIXTH CLAIM FOR RELIEF:**
**(Failure to Pay Minimum and Overtime Wages In Violation of the NYLL)**

47. Defendants deny each and every allegation contained in Paragraph 47 of the Complaint except as otherwise pleaded herein.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

**IN ANSWER TO SEVENTH CLAIM FOR RELIEF:**
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**

52. Defendants deny each and every allegation contained in Paragraph 52 of the Complaint except as otherwise pleaded herein.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

**IN ANSWER TO EIGTH CLAIM FOR RELIEF:**
**(Failure to Furnish Accurate Wage Statements/Paystubs)**

57. Defendants deny each and every allegation contained in Paragraph 57 of the Complaint except as otherwise pleaded herein.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

## THE FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's action should be dismissed because Plaintiff failed to state a cause of action upon which relief can be granted.

## THE SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, precluded, or limited by the doctrine of estoppel, waiver and/or laches.

## THE THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of unclean hands.

## THE FOURTH AFFIRMATIVE DEFENSE

4. The Fair Labor Standards Act ("FLSA") does not apply to this action because have Defendants' annual gross volume of sales made or business done of is less than $500,000.

## THE FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred in whole or in part because Defendants have complied with all applicable statutes and regulations, including without limitation the FLSA, 29 U.S.C. § 201 et seq. and the New York Labor Law ("NYLL") Article 19, §§ 650 et seq.

## THE SIXTH AFFIRMATIVE DEFENSE

6. At all relevant times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and the NYLL.

## THE SEVENTH AFFIRMATIVE DEFENSE

7. Defendants did not know or show reckless disregard for whether its conduct was prohibited by the FLSA and the NYLL.

## THE EIGHTH AFFIRMATIVE DEFENSE

8. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

## THE NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is not entitled to liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

## THE TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

## THE ELEVENTH AFFIRMATIVE DEFENSE

11. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA and the NYLL.

## THE TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are estopped by the submission of his own time records, for which Defendants compensated him for all overtime worked and claimed. The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

## THE THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to exhaust administrative remedies.

## THE FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

## THE FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants invoke the defenses, protections and limitations of the FLSA and the NYLL.

## THE SIXTEENTH AFFIRMATIVE DEFENSE

16. Any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA and the NYLL.

## THE SEVENTEENTH AFFIRMATIVE DEFENSE

17. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff performed no work, including vacation and sick/medical leave, or for periods of time during which Plaintiff was otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended.

## THE EIGHTEENTH AFFIRMATIVE DEFENSE

18. This action is barred because Plaintiff is an independent contractor.

## THE NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants reserve the right to assert additional Affirmative Defenses as such additional defenses become known through investigation, discovery or otherwise.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court find in their favor and against Plaintiff and that this Court grant Defendants the following relief:

a) Judgement dismissing Plaintiff's Complaint in its entirety;

b) An Award to Defendants of all the attorneys' fees and costs authorized under the statutes to the extent applicable; and

c) For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: Queens, New York
January 25, 2024

Respectfully submitted,

**KEVIN KERVENG TUNG, P.C.**
*Attorneys for Defendants Da Pai Dong, Inc. and Jianqi Chen*


____/s/ Kevin K. Tung_____
By: Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718)939-4633
ktung@kktlawfirm.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document is being filed on this 25th day of January, 2024 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

                                                             */s/ Kevin K. Tung*
                                                                Kevin K. Tung

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

Jianqi Chen, being duly sworn, deposes and says:

1. I am Jianqi Chen, one of the defendants named in the within proceeding.

2. I have read the Verified Answer and know the content thereof to be true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

_____
By: Jianqi Chen

Sworn to before me
this 24th day of January, 2024

_____
Notary Public

QIN CINDY LIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LI6357948
Qualified in QUEENS County
Commission Expires 05/01/2025

# VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF QUEENS         )

Jianqi Chen, being duly sworn, deposes and says:

1. I am the owner of Da Pai Dong, Inc., a New York corporation, one of the defendants named in the within proceeding.

2. I have read the Verified Answer and know the content thereof to be true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

_____
By: Jianqi Chen
for Da Pai Dong, Inc.

Sworn to before me
this 24th day of January, 2024

_____
Notary Public

QIN CINDY LIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LI6357948
Qualified in QUEENS County
Commission Expires 05/01/2025